Although I concur in the ultimate judgment reached by the majority, I cannot agree with one aspect of the analysis the majority has adopted in regard to the imposition of post-release control. In rejecting appellant's double jeopardy argument, the majority essentially holds that there are no circumstances under which a violation of a criminal defendant's constitutional rights will occur when a sanction for a post-release violation is imposed. With all due respect, I believe that there is one instance when a post-release sanction does constitute a second sentence for one criminal act. As a result, I concur in judgment only.
In State v. Hathy (Apr. 20, 2001), 11th Dist. No. 2000-A-0003, 2001 WL 409503, a panel of this court, including myself, held that a double jeopardy violation does not occur when: (1) a defendant is discharged from prison on post-release control without having served his entire sentence on the original offense; (2) while on post-release control, the defendant commits a new act which constitutes both a violation of post-release control and a separate criminal offense; (3) as the sanction for the post-release violation, the defendant is sentenced to a term which is smaller in duration than the time he had remaining on his original sentence; and (4) in a separate criminal action, the defendant is found guilty of committing the new offense and is given a new sentence which is distinct from the post-release sanction. As the basis for this conclusion, we emphasized that the imposition of the two separate penalties was permissible because, under these specific circumstances, the post-release sanction had the same effect as the revocation of parole or probation under the prior laws of this state; i.e., by serving the time imposed under the post-release sanction, the defendant was merely completing the sentence which had been imposed for the original offense.
On the same day the Hathy opinion was released, the identical panel of this court also issued our opinion in State v. Martello (Apr. 20, 2001), 11th Dist. No. 2000-A-0026, 2001 WL 409508. The only pertinent factual distinction between Hathy and Martello was that the defendant in the latter case had completed his entire sentence on the original sentence before he was released on post-release control. Based upon this distinction, we held that the defendant could not be sanctioned twice for the new criminal act:
 "However, this case presents a factual predicate with one significant difference. Appellant had already served his full six-month original sentence prior to violating the terms of his post-release control. Thus, when he was sentenced to an additional ninety-one days, those days cannot be considered a mere reinstatement of a term of his original sentence because he already served his original sentence in its entirety. Instead, we hold that when a defendant is sentenced for a violation of his post-release control, and imposition of the sentence creates a situation where the defendant is forced to serve more than his original sentence, jeopardy attaches and precludes a conviction on [the new criminal act]." Martello, 2001 WL 409508, at *3.
In State v. Swick (Dec. 21, 2001), 11th Dist. No. 97-L-254, 2001 Ohio App. LEXIS 5857, a different panel of this court overturned the Martello
holding. To this limited extent, I believe the Swick decision is wrong. Even if the final judgment on the original offense informed the defendant that he could be subject to a new prison term for a violation of post-release control, that new term constitutes a new sanction for the new criminal act if the defendant has already served his entire original sentence.
The instant appeal stems from the final judgment in which appellant was given his original sentence and was informed that he will be subject to post-release control after his release from prison; therefore, at this juncture of the case, appellant's constitutional rights have not been violated as a result of the imposition of post-release control. To this extent, I agree that the trial court's judgment must be affirmed in regard to the issue of post-release control. However, since the majority opinion relies upon the holding in Swick, I disagree with the logic employed to dispose of the double jeopardy question. Therefore, I concur in judgment only.